The opinion of the Court was delivered by
O’Neall, J.
The second plea, beyond all doubt presents no bar to the demandant’s claim of dower ; and is therefore bad on general demurrer. '
It may be, that on the facts stated in it, she is liable as executrix de son tort of her deceased husband, but such a liability can in no way affect her right to dower.
The first plea is, I think, also bad. The 7th sec. of the 67th title (Dower,) 1 Brev. Dig. 270, directs, that the summons in dower shall be directed, 1st, to the heir at law, (if of full age); 2d, if under age, to his or her guardian; 3d, if there be no guardian, to the executor or administrator of the deceased; 4th, to any person or persons who may be in possession.
There is, I think, no doubt under this last provision, that the summons in dower may not only go against the tenant in- possession, but also against the tenant for life, or in fee, or either of them. Plantt vs. Payne, 2 Bail. 319. For the proceeding in dower is quasi a real action; the judgment is necessarily in rem; and all, who are..interested in it, having the right to be heard before the dower is .assessed or assigned, may be made parties. The respondent here, is properly called on to show cause, unless he had parted with the fee. His plea must legally show that fact. It is defective in this particular. For it al *398 leges that the respondent “bargained and sold” the lot to W. M. McD., and put him in possession. This does not import a deed; and in this respect nothing short of a full and proper description will suffice. To this point the authorities of Jefferson vs. Moreton, 2 Saund. 11, and Howell vs. Forest, idem. 47, n. 48, a, m 1, are full and decisive.
The words “bargained and sold” with delivery of possession are satisfied by a mere contract of sale. It is true, if the respondent had said, that by deed he had bargained and sold and had delivered possession, it might have been sufficient. For at common law, and under the statute of uses such a deed would convey the fee.
Under our Act of 1795, 1 Brev. Dig., tit. 51, sec. 40, to make a good description of a conveyance it is necessary to set out that the grantor by deed did “grant, bargain, sell and release.”
. No words in the plea meeting either of these requisites, it follows, that the respondent is not discharged. For his plea admits he owned the fee, and that instead of conveying it before service of the summons, he had merely contracted to sell it to W. M. McD., and placed him in possession. This legally made W. M. McD. the tenant of the respondent, and the possession his.
• It is true W. M. McD. might have been summoned, and perhaps the better course would have been to have summoned him as well as the respondent.
But that is not necessary to the point before us. The defendant’s plea does not excuse him from answering; he is properly a party.
The demurrer was properly sustained.
The motion is dismissed.
Wardlaw, Withers, Whither, Glover and Muhro, JJ., concurred.
Motion dismissed.